**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:                                                                 Case No. 16-70246 LAS
                                                                              Chapter 7
**JOSEPH G. KELLEY CONSTRUCTION MANAG**
                    Debtor.
------------------------------------------------------------X

**TRUSTEE'S APPLICATION IN SUPPORT OF ORDER**
**RETAINING ACCOUNTANT TO THE TRUSTEE**

TO:   THE HONORABLE LOUIS A. SCARCELLA
         UNITED STATES BANKRUPTCY JUDGE:

Robert L. Pryor, Esq.(the "Trustee"), Chapter 7 trustee of the above bankruptcy estate ("Estate"), in support of the application (the "Application") for an order retaining an accountant to the Trustee, respectfully represents as follows:

1.      On January 21, 2016, (the "Filing Date"), Debtor filed a voluntary petition for relief from creditors under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code").

2.      The first meeting of creditors, in accordance with Section 341(a) of the Bankruptcy Code, was held on February 23, 2016, at which time Robert L. Pryor qualified as permanent trustee.

3.      Trustee seeks to retain Gary R. Lampert C.P.A. ("Lampert") as the estate's accountant to assist him in analyzing the Debtor's books and records, and the Debtor's business transactions to determine the ability to recover assets and to bring appropriate avoidance actions. The Trustee also requires an accountant to prepare any and all tax returns which ultimately may be required to be filed by the Trustee in connection with the Debtor's case, and to provide any other further services which are required by the Trustee in connection with the Debtor's case, and to

provide any other, further services which are required by the Trustee in connection with the instant case.

4. Lampert has indicated its willingness to render the afore stated services to the estate, and to be compensated in accordance with its normal hourly fee schedule, and upon applications submitted to this Court, all as set forth in the Affidavit of Lampert, annexed hereto.

5. Applicant believes that the proposed terms of compensation are reasonable, and the Trustee respectfully submits that the retention of Lampert is necessary and in the best interest of the creditors and the estate.

6. To the best of Applicant's knowledge. Information and belief, Lampert does not hold or represent any interest adverse to the creditors of the restate with respect to the matters upon which it to be employed, and said firm is a disinterested person as that term is defined in 11 U.S.C. Section 101 (14)

7. Applicant has not previously applied to this or any other Court for the relief sought herein.

**WHEREFORE,** Applicant respectfully requests that the Order be signed and entered by the Court and for such other relief as is just and proper.

Dated: Westbury, New York
       March 1, 2016

                                            _s/Robert L. Pryor____
                                            Robert L. Pryor
                                            Chapter 7 Trustee

**GARY R. LAMPERT, CPA**
100 Merrick Road, Suite 211W
Rockville Centre, New York 11570
Telephone: (516) 208-7500

Proposed Accountant for the Chapter 7 Trustee,
Robert Pryor, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:

JOSEPH G. KELLEY CONSTRUCTION
  MANAGEMENT, INC.,

                        Debtor.
----------------------------------------------------------------x

Case No.: 8-16-70246-LAS
Chapter 7

AFFIDAVIT OF
ACCOUNTANT

EFFECTIVE AS OF
FEBRUARY 26, 2016

STATE OF NEW YORK    )
COUNTY OF NASSAU     ) SS.:

GARY R. LAMPERT, being duly sworn, deposes and says:

1. I am a Certified Public Accountant, duly licensed to practice in the State of New York, and maintain an office at 100 Merrick Road, Suite 211-W, Rockville Centre, State of New York.

2. I have been practicing as an accountant for over thirty (30) years, and am well versed and experienced in the review of books and records of debtors in insolvency matters.

3. In accordance with Bankruptcy Rule 2014(a), I have performed a review to determine whether I have any connection to the Debtor, the Debtor's creditors, any other parties in interest, their respective attorneys and accountants, and the United States Trustee (each an "Interested Party" and, collectively, the "Interest Parties"). I reviewed the docket, bankruptcy schedules and statement of financial affairs to determine whether I had any connection to any Interested Party. My review has indicated that I do not represent, and have not previously represented, any Interested Party except that I have been retained in other matters unrelated to this matter in which the Chapter 7 Trustee was appointed.

4. I am a disinterested person pursuant to 11 USC Section 327(a) and Section 101(14).

5. I have no connection with the United States Trustee nor any person employed in the office of the United States Trustee.

6. I have conferred with the Trustee and, subject to the condition, quality and availability of the books and records of the debtor, and the directions from the Trustee, I propose to render the following services:

a) Trace the assets of the debtor from the books and records, verifying the existence, if any, of any transfers or concealment of assets, or other fraudulent conveyances;

b) Review and address tax issues and represent the Trustee at all taxing authority investigations of the books and records;

c) Review transactions with any affiliated companies to determine the relationships and verify any inter-company transfers;

d) Conduct an avoidance action analysis.

e) Perform other services as required by the Trustee; and

f) Prepare estate tax returns.

7. I respectfully request that an order of retention be entered based on the following rates. Rates are subject to yearly increase.

| | | |
|---|---|---|
| Gary R. Lampert | @ the rate of | $350.00 per hour |
| Paraprofessional | @ the rate of | $120.00 per hour |

8. I also charge for out-of-pocket disbursements for which there will be no profit.

9. Payment of fees and expenses shall be only pursuant to an Application and Order of this Court.

10. In accordance with Local Bankruptcy Rule 2014-1, I represent that I am not familiar with the books, records and accounts of the debtor in this case. I am not in a position to assess the costs of my services until I perform an initial review of the books and records, but will only perform services at the request and direction of the Trustee.

11. I agree that if my rates (or those of my staff) are changed during the time services are provided for this estate, I will file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any parties in interest.

12. I have not agreed to share any compensation that I may receive in this case with any person, other than my employees, and no understanding or agreement exists between me and any other person for the sharing of any compensation received or to be received by any person for services rendered, or to be rendered, in any capacity whatsoever in connection with this case and no agreement or understanding prohibited by 11 U.S.C. Section 504 has been made by me.

By: /s/ Gary R. Lampert
Gary R. Lampert, CPA
100 Merrick Road, Suite 211-W
Rockville Centre, NY 11570
516-208-7500

Sworn to before me this

1st day of March, 2016

/s/ Raquel Galan
NOTARY

RAQUEL GALAN
Notary Public – State of New York
No. 01GA6281932
Qualified in Nassau County
My Commission Expires May 13, 2017