**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
In re:                                                                                              **Chapter 7**

**JOSEPH G. KELLEY CONSTRUCTION**
**MANAGEMENT, INC.,**                                          **Case No. 8-16-70246-LAS**
                              **Debtor.**

----------------------------------------------------------------X

# NOTICE OF MOTION

**PLEASE TAKE NOTICE,** that upon the annexed Application (the "Application") of Robert L. Pryor, Esq., Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Joseph G. Kelley Construction Management, Inc. ( the "Debtor"), by his attorneys, Pryor & Mandelup, L.L.P., a hearing will be held on December 8, 2016 at 10:00 a.m. (the "Hearing Date"), or as soon thereafter as counsel can be heard, before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Room 970, Central Islip, New York 11722 for the entry of an Order: (1) abandoning the Estate's interest in and to the Debtor's plodder HPT 1100 plan printer, office supplies, filing cabinets, furniture and miscellaneous construction materials contained in the Debtor's storage facility located at Despatch Self Storage, Inc., Unit 1107, 229 Butter Lane, Bridgehampton, New York 11932 back to the Debtor pursuant to 11 U.S.C. §554, Bankruptcy Rule 6007, and EDNY LBR 6007-1 and (2) granting such other and further relief as to this Court is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to E.D.N.Y. LBR 9006-1(a), any objection or response (the "Objections") to the Application must be made in writing, must state the standing of the objectant, state with particularity the grounds for the objection, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order 559. (General Order 559 and the User's Manual for the Electronic Case Filing System can be found at www.nyeb.uscourts.gov, the official Web-site of the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch diskette, CD or DVD preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word-processing format (with a hard-copy delivered directly to the Chambers of Hon. Louis A. Scarcella, at the above address), and must be served in accordance with General Order 559 upon: (i) Pryor & Mandelup, L.L.P., Counsel to the Trustee, 675 Old Country Road, Westbury, NY 11590, Attn: Michael Farina, Esq., and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, NY 11722, so as to be filed and actually received no later than December 1, 2016 at 5:00 p.m. on that day (the "Objection Date").

**PLEASE TAKE FURTHER NOTICE**, that if no objections are received by the Objection Date, the relief requested in the Application may be granted without a hearing.

Dated: Westbury, New York　　　　PRYOR & MANDELUP, L.L.P.
　　　　November 7th , 2016　　　　　Attorneys for the Trustee, Robert L. Pryor

　　　　　　　　　　　　　　By:　　*s/Michael Farina*
　　　　　　　　　　　　　　　　　　Michael Farina
　　　　　　　　　　　　　　　　　　675 Old Country Road
　　　　　　　　　　　　　　　　　　Westbury, New York 11590
　　　　　　　　　　　　　　　　　　(516) 997-0999

TO:　　**OFFICE OF THE UNITED STATES TRUSTEE**
　　　　**Long Island Federal Courthouse**
　　　　**560 Federal Plaza**
　　　　**Central Islip, N.Y. 11722-4456**

　　　　**JOSEPH G. KELLEY CONSTRUCTION**
　　　　**MANAGEMENT GROUP, INC.**
　　　　**c/o**
　　　　**TARTER, KRINSKY & DROGIN, LLP**
　　　　**1350 Broadway**
　　　　**10th Floor**
　　　　**New York, NY 10018**

　　　　**JOSEPH G. KELLEY CONSTRUCTION**
　　　　**MANAGEMENT GROUP, INC.**
　　　　**P.O. Box 3051**
　　　　**Bridgehampton, NY 11932**

　　　　**DESPATCH SELF STORAGE, INC.**
　　　　**229 Butter Lane**
　　　　**Bridgehampton, NY 11932**

　　　　**TO ALL CREDITORS AND PARTIES**
　　　　**IN INTEREST PURSUANT TO BANKRUPTCY RULE 6007(a)**
　　　　**(Notice Only)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                                                                    Chapter 7

**JOSEPH G. KELLEY CONSTRUCTION**
**MANAGEMENT, INC.,**                                        Case No. 8-16-70246-LAS
                                    **Debtor.**


-------------------------------------------------------------X

# A P P L I C A T I O N

TO:     **THE HONORABLE LOUIS A. SCARCELLA:**
          **UNITED STATES BANKRUPTCY JUDGE:**

Robert L. Pryor, Esq., Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Joseph G. Kelley Construction Management, Inc. ( the "Debtor"), by his attorneys, Pryor & Mandelup, L.L.P., as and for his Application in support of the entry of an Order: (1) abandoning the Estate's interest in and to the Debtor's plodder HPT 1100 plan printer, office supplies, filing cabinets, furniture and miscellaneous construction materials contained in the Debtor's storage facility located at Despatch Self Storage, Inc., Unit 1107, 229 Butter Lane, Bridgehampton, New York 11932 back to the Debtor pursuant to 11 U.S.C. §554, Bankruptcy Rule 6007, and EDNY LBR 6007-1 and (2) granting such other and further relief as to this Court is just and proper respectfully represents as follows:

## BACKGROUND

1.      This case was commenced by the filing of a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code"). on January 21 , 2016 (the "Filing Date").

2. Robert L. Pryor, Esq. was appointed interim Trustee and at a first meeting of creditors held on February 23, 2016, became permanent Chapter 7 Trustee and is duly qualified and acting as such.

3. The Debtor is leasing storage Unit 1107 with Despatch Self Storage, Inc., located at 229 Butter Lane, Bridgehampton, New York 11932. According to the Trustee's Accountant, Gary Lampert, CPA, the contents of Unit 1107 consists of the Debtor's plodder HPT 1100 plan printer, office supplies, filing cabinets, furniture and miscellaneous construction materials.

4. Mr. Lampert has advised the Trustee that he has removed all records stored at Unit 1107 that are needed to review and re-construct the Debtor's financial history and transactions prior to the Filing Date. The remaining items are not necessary towards the administration of the Estate, nor are they of any consequential value to warrant liquidation of same by the Trustee.

5. Pursuant to 11 U.S.C. § 554(a), after notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the Estate. In general, "[s]ection 554 of the Code serves the purpose of expeditious and equitable distribution by permitting the Trustee to abandon property that consumes the resources and drains the income of the estate." *In re Smith-Douglass, Inc.*, 856 F.2d 12, 16 (4th Cir.1988). 11 U.S.C. §554(a) expressly authorizes the Trustee to file a motion on notice and hearing to abandon any non exempt asset that is burdensome or of inconsequential value or benefit to the Estate. *In re Schoenwerk*, 304 B.R. 59 (Bankr. E.D.N.Y. 2003). If the property is of no benefit to the Estate, the Trustee is free to abandon the property under 11 U.S.C. §554. *In re Trowbridge*, 74 B.R. 484 (Bankr.E.D. Pa 1987).

Case 8-16-70246-las    Doc 25    Filed 11/07/16    Entered 11/07/16 10:32:25

6. Abandonment is not a process to be taken lightly. Once an asset is abandoned, it is removed from the Bankruptcy Estate and this removal is irrevocable except in very limited circumstances. *In re Swift*, 496 B.R. 89 (Bankr. E.D.N.Y. 2013) citing *Chartschlaa v. Nationwide Mut.Ins. Co.*, 538 F.3d 116, 123 (2d.Cir 2008). In the present scenario, the Trustee has no use for the items remaining in storage Unit 1107 and same are burdensome or of inconsequential value or benefit to this Estate. Moreover, the Estate has incurred and will continue to incur charges to Despatch Self Storage, Inc for the storage of these items. Predicated upon same, the items remaining in Unit 1107 should be abandoned back to the Debtor, Joseph G. Kelley Construction Management, Inc., pursuant to 11 U.S.C. §554, Bankruptcy Rule 6007, and EDNY LBR 6007-1.

7. Applicant has served a full copy of this Notice of Motion and Application upon the Office of the United States Trustee and the Debtor, Joseph G. Kelley Construction Management, Inc., both individually and c/o its attorneys, Tarter, Krinsky & Drogin, LLP and Despatch Self Storage, Inc. All other creditors and parties in interest have been served with the Notice annexed hereto as **Exhibit "A"**. Applicant believes that same is good and sufficient notice of this Application pursuant to Bankruptcy Rule 6007(a).

8. No prior Application has been made to this or any other Court for the relief herein requested.

**WHEREFORE**, Applicant respectfully requests that his Application for the Entry of an Order: (1) abandoning the Estate's interest in and to the Debtor's plodder HPT 1100 plan printer, office supplies, filing cabinets, furniture and miscellaneous construction materials contained in the Debtor's storage facility located at Despatch Self Storage, Inc., Unit 1107, 229 Butter Lane, Bridgehampton, New York 11932 back to the Debtor pursuant to 11 U.S.C. §554, Bankruptcy Rule 6007, and EDNY LBR 6007-1 and (2) granting such other and further relief as to this Court is just and proper be granted.

Dated: Westbury, New York
      November 7th , 2016                PRYOR & MANDELUP, L.L.P.
                                         Attorneys for Robert L. Pryor, Trustee

                                By: *s/ Michael Farina*
                                   Michael Farina
                                   675 Old Country Road
                                   Westbury, New York 11590
                                   (516) 997-0999