UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

JOSEPH G. KELLEY CONSTRUCTION MANAGEMENT,     Chapter 7
INC.,

                                                       Debtor.            Case No. 8-16-70246-LAS

-----------------------------------------------------------------------X
ROBERT L. PRYOR, as Chapter 7 Trustee of the Bankruptcy
Estate of JOSEPH G. KELLEY CONSTRUCTION
MANAGEMENT, INC.,

                                                       Plaintiff,         Adv. Pro. No.:  8-18-08010-LAS

    -against-

SETH G. KELLEY,

                                                       Defendant.
-----------------------------------------------------------------------X

## STIPULATION AND ORDER OF SETTLEMENT

        This Stipulation and Order of Settlement (the "**Stipulation**") is made and entered into, as of November 7, 2018, by and between Robert L. Pryor, Esq., Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of the bankruptcy estate of the above-captioned debtor (the "**Estate**") and the plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), and Seth G. Kelley, ("**Defendant**"), the defendant in the Adversary Proceedings (Trustee and Joseph G. Kelley are referred to herein collectively as "**Parties**" and each as a "**Party**").

## RECITALS

        **WHEREAS**, on January 21, 2016 (the "**Petition Date**"), Joseph G. Kelley Construction Management Inc. (the "**Debtor**") filed a voluntary petition for relief from its

creditors under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"); and

**WHEREAS,** on February 23, 2016, the first meeting of creditors was held pursuant to 11 U.S.C. § 341(a) ("**First Meeting**"), at which time the Trustee qualified as the permanent trustee the bankruptcy estate; and

**WHEREAS,** the Trustee is duly appointed, qualified and acting as trustee of the bankruptcy estate of the Debtor; and

**WHEREAS**, at all relevant times, Defendant was the vice-president and 50% shareholder of the Debtor; and

**WHEREAS**, the Debtor's 2012 tax return reflected that, in addition to his regular salary, Defendant received shareholder distribution in the sum of $268,293.00 (the "**2012 Distribution**"); and

**WHEREAS**, the Debtor's 2014 tax return reflected that, in addition to his regular salary, Defendant received shareholder distribution in the sum of $123,108.00 (the "**2014 Distribution**"); and

**WHEREAS,** the Defendant disputed the characterization in the Complaint of the Defendant's actual receipt of the 2012 Distribution and 2014 Distribution; and

**WHEREAS**, Defendant is both an officer and shareholder of the Debtor and is therefore and "Insider" of the Debtor as that term is defined in 11 U.S.C. §101(31)(B); and

**WHEREAS**, on or about January 17, 2018, the Trustee commenced the Adversary Proceedings upon the filing of a Complaint pursuant to 11 U.S.C. §502(d), §544(b), §548, §550(a) and §551, New York Debtor & Creditor Law Sections 273, 274, 275 and 276, New York Business Corporation Law §510(a) and §510(b) and Bankruptcy Rule 7001(1),

seeking a judgment avoiding certain per-petition transfers by the Debtor to or for the benefit of the Defendant, and a money judgment against Defendant in the amount of said transfers, together with interest thereon, a common law cause of action for unjust enrichment/constructive trust, the imposition of an equitable lien and objecting to the allowance of any claims asserted by the Defendant pending the return of the subject transfers pursuant to 11 U.S.C. §502(d); and

**WHEREAS**, although no formal answer has been filed, the Defendant has denied the substantive allegations contained in the Adversary Proceeding and asserted various affirmative defenses; and

**WHEREAS**, the Parties have engaged in substantial negotiations and counsel for the Trustee has engaged in substantial legal research regarding the numerous defenses raised by the Defendant; and

**WHEREAS**, the Parties have agreed to resolve this Adversary Proceeding upon the terms as set forth in this Stipulation of Settlement and Order (the "**Stipulation**");

**NOW, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. **Recitals**. The foregoing recitals are true and correct and shall be deemed incorporated herein.

2. **Effective Date**. This Stipulation shall become effective (the "**Effective Date**") upon an order of the Court approving this Stipulation being entered and becoming final and non-appealable.

3. **Settlement Sum**. In addition to the other covenants and conditions contained in this Stipulation, in full and final settlement of any potential claims that the Estate may possess against Defendant, including, without limitation, on account of the 2012

Distribution and 2014 Distribution, Defendant shall deliver to the Trustee, and the Trustee shall accept, the sum of $26,000.00 (the "**Settlement Sum**").

    4. **Settlement Sum Payment Terms**.  Upon execution of the Stipulation by the Parties hereto, the Defendant shall deliver to the Trustee the sum of $5,000 (the "**Initial Payment**"), which amount shall be held by the Trustee pending approval of this Stipulation by the Court. Upon approval of the Stipulation by the Court the Defendant shall pay the balance of the Settlement Sum to the Trustee in equal monthly payments of $2,100 over a period of ten (10) months commencing on the first day of the month following the month in which the Stipulation is approved by the Court until the Settlement Sum is paid in full.  Any check issued in payment of the Settlement Sum shall be payable to "Robert L. Pryor, as Trustee", indicate the Debtor's case number in the memo section of any such check, and be delivered to the Trustee's undersigned counsel.

    5. **Default and Cure**.  In the event the Defendant fails to deliver any payment as required to be paid hereunder within the time period provided, the Defendant shall be in default of the terms of this Stipulation ("Default"). In the event of a Default, the Trustee's counsel shall send written notice to Defendant's counsel, by regular mail and by email to rcavaliere@tarterkrinsky.com. The Defendant shall be entitle to three (3) such notices of default. For clarity, in the event the Defendant shall default a forth time, no notice or opportunity to cure shall be available to the Defendant.  In the event the Default remains uncured for a period of ten (10) days after the date of said notice, the Defendant shall be liable to the Trustee in the amount of $50,000 plus interest at the rate of 9% per annum commencing from the date of the Default, with credit for all payments made to the date of the default, which sum shall be accelerated and immediately due and owing.

6. **Additional Assistance**.  The Defendant agrees to fully cooperate with the Trustee and provide any information, documentation or testimony as may be reasonably necessary in connection with the Trustee's investigation of the validity and accuracy of any proof of claim filed in the Debtor's case and in connection with any objection to such claim(s) which the Trustee deems necessary and appropriate.

7. **Representations.**  All Parties to this Stipulation represent and acknowledge that they have the requisite authority to execute this Stipulation and that they have had an opportunity to consult with their undersigned counsel of their choice regarding the terms of this Stipulation, understand the terms of this Stipulation, and have entered into this Stipulation freely of their own will.  Defendant hereby represents that it has consulted with its undersigned counsel regarding this Stipulation, fully understands the terms of this Stipulation, and has entered into this Stipulation with knowledge and understanding of its terms and of its free will, without coercion of any kind.

8. **Submission of Stipulation to Court**.  Upon receipt of a fully executed copy of this Stipulation and the Initial Payment, the Trustee, by and through his counsel, shall promptly file a motion with the Bankruptcy Court, on notice to all creditors and parties-in-interest, for the "so ordering" of this Stipulation.

9. **Release by Trustee and the Estate**.  Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the Settlement Sum and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Trustee and the Estate (in this paragraph, "**Releasors**") shall conclusively be deemed to have released the Defendant (in this paragraph, "**Releasee**"), Releasee's heirs, executors, administrators, successors, and assigns from all actions, causes of

action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasee, the Releasors, Releasors' successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of Defendant pursuant to this Stipulation. Nothing contained herein shall be deemed a release of any person or entity other than Releasee, and his successors and/or assigns.

10. **Release by Defendant**.  Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendant (in this paragraph, "**Releasor**") shall conclusively be deemed to have released the Trustee, Trustee's counsel, and the Estate (in this paragraph, "**Releasees**"), Releasees' heirs, executors, administrators, officers, directors, shareholders, attorneys, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasees, the Releasor, Releasor's successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of the Trustee pursuant to this Stipulation. Nothing contained herein shall be deemed a release of any person or entity other than Releasee, and his successors and/or assigns.

11. **Unwinding**. If, through no direct action or inaction of the Parties, an order denying approval of this Stipulation is entered by the Court, or the Effective Date does not occur on or before December 31, 2018,[1] then, in either case, this Stipulation, in its entirety, including, without limitation, the waivers and releases contained herein, shall be deemed null and void and the Trustee shall, within ten (10) business days following said event, return to Defendant's undersigned attorney the Initial Payment previously paid to the Trustee. In such event, the *status quo* in existence as between the Parties prior to the execution of this Stipulation, shall be restored, each Party shall remain vested with all rights, claims and defenses against the others as if this Stipulation had not been executed. In such case, nothing herein can be used by any Party hereto against any other Party hereto either as an admission or as the basis of any liability for any claims alleged.

12. **Cooperation.** The Parties agree to cooperate with each other in effectuating the terms of this Stipulation and shall duly execute and deliver all documents and perform all acts reasonably deemed necessary for the implementation of this Stipulation.

13. **Multiple Counterparts**. This Stipulation may be executed in multiple counterparts and/or by facsimile signatures, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument having full force and effect.

14. **Choice of Law/Venue**. The Parties agree that this Stipulation shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action and/or dispute regarding the enforceability and/or interpretation of this Stipulation shall be exclusively in the Bankruptcy Court.

---

[1] This date may be extended by mutual written consent of the parties.

15. **Entire Stipulation**. This Stipulation contains the entire agreement between the Parties concerning the subject matter of the Stipulation and same supersedes all prior agreements, understandings, discussions, negotiations and undertakings between the Parties concerning the subject matter as set forth herein. This Stipulation may not be changed or modified except in a writing signed by each of the Parties.

16. **Final Settlement**. The Parties acknowledge and agree that this Stipulation is being executed and delivered as a full and final settlement of any claims the Trustee and the Consolidated Debtors' bankruptcy estate may possess as against Defendant.

17. **Construction**. Any construction to be made of this Stipulation shall not be made in favor or against any Party, but rather shall be given a fair and reasonable interpretation based on the plain language of the Stipulation and the expressed intent of the Parties.

18. **Binding Effect**. This Stipulation and each term hereof shall be binding upon and inure to the benefit of each of the Trustee, Consolidated Debtors' bankruptcy estate, PSEG, and their respective heirs, legal representatives, successors, and assigns.

19. **Headings**. The headings of paragraphs contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

**IN WITNESS WHEREOF,** the undersigned counsel for the Parties hereto and Joseph G. Kelley have executed this Stipulation as of the date set forth above.

|  |  |
|---|---|
| PRYOR & MANDELUP, L.L.P.<br>Attorneys for Robert L. Pryor, Chapter 7 Trustee | TARTER, KRINSKY & DROGIN<br>Attorneys for Defendant |

By:  */s/Anthony F. Giuliano*       By:  */s/ Rocco A. Cavaliere*
     Anthony F. Giuliano                     Rocco A. Cavaliere, Esq.
     675 Old Country Road                405 Lexington Avenue
     Westbury, New York 11590        New York, NY 10174
     (516) 997-0999                         (212) 885-5397
     afg@pryormandelup.com          rcavaliere@tarterkrinsky.com

By:  */s/ Seth G. Kelley*
     Seth G. Kelley